IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION



| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br>Plaintiff, | ]<br>]<br>]<br>]<br>]<br>]<br>]<br>] |
| v. | ] |
| RITE WAY SERVICE, INC.<br>Defendant. | ]<br>]<br>]<br>]<br>] |

3:13cv407 CWR-FKB

**COMPLAINT**
JURY TRIAL DEMAND

## NATURE OF THE ACTION

This is an enforcement action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e, *et. seq.*, and Title I of the Civil Rights Act of 1991 ("Title VII"), to correct unlawful employment practices on the basis of retaliation, and to provide appropriate relief to Mekeva Tennort, a female. As alleged with greater particularity in paragraphs seven (7) through twenty-eight (28) below, the U.S. Equal Employment Opportunity Commission alleges that Defendant Rite Way Service, Inc. ("Defendant") violated Title VII by subjecting Tennort to materially adverse actions in unlawful retaliation, including post-employment retaliation, for Tennort's Title VII protected conduct during her employment.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of

Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e-5(f)(1) and (3)("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Mississippi.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. Section 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant was an Alabama corporation continuously conducting business in the State of Mississippi.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e (b), (g) and (h), and has continuously had at least fifteen (15) employees.

6. Defendant is a maintenance company that specializes in providing services to commercial facilities.

## STATEMENT OF CLAIMS

7. More than thirty days prior to the institution of this lawsuit, Tennort filed a Charge with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. Tennort served as a Janitor for Defendant, assigned to perform janitorial duties at the Biloxi Junior High School. Defendant employed Tennort from approximately October 2009 until September 26, 2011, the date of her involuntary discharge by Defendant.

9. Since on or about August 2011 through October, 2011, Defendant has engaged in unlawful employment practices in Jackson, Mississippi, in violation of Section 704 of Title VII, 42 U.S.C. Section 2000e-3(a).

10. The unlawful employment practices complained of in paragraphs seven (7) through twenty-eight (28) were intentional.

11. The unlawful employment practices complained of in paragraphs seven (7) through twenty-eight (28) were done with malice or with reckless indifference to the federally protected rights of Tennort.

## COUNT I

### [Title VII Retaliation]

12. The Commission incorporates by reference paragraphs seven (7) through eleven (11) above.

13. Title VII expressly prohibits employers from retaliating against employees who report or complain about unlawful discrimination in the workplace. The opposition clause of Title VII's anti-retaliation provision protects an employee who has "opposed" an employment practice made unlawful by Title VII, and the participation clause of that provision protects an employee who has participated in any manner in an investigation under Title VII.

14. Beginning in or around August 2011, Tennort engaged in activity protected by Title VII and, at such time, Defendant obtained knowledge of Tennort's protected activity.

15. In early August 2011, Linda Quarles, a female employee of Defendant, complained that her supervisor, Willie Harris ("Harris"), a male, engaged in sexually offensive conduct toward Quarles, including making inappropriate sexual comments and gestures to her. Quarles complained to Harris of the conduct. More specifically, Quarles asked Harris to stop

3

staring at her buttocks. Harris essentially responded that "he was going to keep looking as long as her butt was out there and he would be less than a man if he did not look." When these statements were made, Tennort was working in the same area and overheard the discussion.

16.  On or about August 9, 2011, Quarles reported Harris' conduct to Brad Martsen, Defendant's Division Manager, by telephone and the high school's campus police. Defendant replaced Harris with Thomas Walker, Harris' brother-in-law. Walker became Tennort's supervisor.

17.  Subsequently, thereafter, in mid-August 2011, the Biloxi Junior High School Campus Police called Tennort to provide a witness statement for Quarles. Tennort provided a statement to the effect that while she was working and performing her cleaning duties, she heard Quarles ask Harris to stop starring at her buttocks and Harris essentially respond that he was a man and would continue to look at Quarles if he wanted to do so.

18  Following Tennort's statement to the campus police, Alexander McCullen, a Manager for Defendant, approached her and met privately with her. McCullen explained to Tennort that Martsen, Defendant's Division Manager, needed a written statement from Tennort regarding her knowledge of the sexual harassment; however, McCullen discouraged Tennort from providing a statement, essentially stating "You know what happens to witnesses, right?" Also, McCullen told Tennort that she should not become involved. Nevertheless, Tennort provided the same version of events to McCullen that she had provided in her statement to the police.

19.  Thereafter, Walker informed Tennort that Mississippi was an "at-will state" and that if she was fired it would be difficult to obtain unemployment compensation. Consistent with this threat, Walker documented three negative, unsubstantiated, performance incidents

4

concerning Tennort's performance, in the last five days of August. Based on Walker's accusations, Defendant required Tennort to attend a mandatory meeting with Walker, McCullen, and Brian Grove, Defendant's Assistant Manager.

20. Defendant's increased scrutiny of Tennort continued the following week, including the imposition of negative, unsubstantiated actions concerning alleged performance deficiencies.

21. On September 26, 2011, Defendant, through Grove, discharged Tennort for allegedly failing to clean the boys' bathroom and behind a water fountain.

22. In October 2011, Tennort was denied unemployment compensation because Defendant reported to the Mississippi Unemployment Service that she was discharged based on performance issues.

23. Tennort, prior to providing her witness statements in support of Quarles' sexual harassment charge, had never been subject to any disciplinary action in the approximate period of two years prior to making such statement. Thereafter, Defendant discharged Tennort approximately one month after she made her initial statement in Defendant's investigation.

24. Defendant was aware of Tennort's protected activity.

25. Immediately subsequent to Tennort's protected activity, Defendant began an increasingly severe campaign of retaliatory actions against Tennort, beginning with threats, followed by increased and unwarranted scrutiny, the imposition of unwarranted disciplinary and performance based actions, a forced involuntary employment discharge, and Defendant's submission of a false/misleading report to the Unemployment Service designed to deny Tennort unemployment compensation.

26. A reasonable employee would view Defendant's actions against Tennort as materially adverse.

27. A causal connection exists between Tennort's protected activity and the materially adverse actions to which Defendant subjected her.

28. Defendant would not have taken the retaliatory actions against Tennort if Tennort had not engaged in protected Title VII activity.

29. The effect of the practices complained of in paragraphs seven (7) through twenty-eight (28) has been to deprive Tennort of equal employment opportunities and otherwise adversely affect her status as an employee because she engaged in conduct protected by Title VII.

30. Defendant's actions complained of in paragraphs seven (7) through twenty-eight (28) caused Tennort to suffer emotional pain and suffering, inconvenience, mental and anguish, loss of enjoyment of life, future pecuniary losses, and other nonpecuniary losses.

### **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in retaliation against employees for engaging in protected Title VII activities, including discharging employees in retaliation for Title VII protected conduct.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for employees, and which eradicate the effects of their past and present unlawful employment practices, including past and present unlawful Title VII retaliation.

C. Order Defendant to make Tennort whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited to, reinstatement or front pay in lieu thereof.

D. Order Defendant to make Tennort whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices complained of in paragraphs seven (7) through twenty-eight (28) above, including, but not limited to, relocation expenses, job search expenses, medical expenses, in amounts to be determined at trial.

E. Order Defendant to make Tennort whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above in seven (7) through twenty-eight (28) above, including compensatory damages, including but not limited to, emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation, and other non-pecuniary losses in amounts to be determined at trial.

F. Order Defendant to pay Tennort punitive damages for its malicious and reckless conduct described in paragraphs seven (7) through twenty-eight (28) above, in an amount to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Dated this 27th day of June, 2013.

RESPECTFULLY SUBMITTED,

P. David Lopez
General Counsel

James L. Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel

U.S. Equal Employment Opportunity Commission
131 M. Street E
Washington, DC 20507

*C. Emanuel Smith*
C. EMANUEL SMITH (MS Bar # 7473)
Regional Attorney
205-212-2131
Emanuel.smith@eeoc.gov


JULIE BEAN (DC Bar #433292)
Supervisory Trial Attorney
205-212-2067
Julie.Bean@eeoc.gov


EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Birmingham District Office
Ridge Park Place, Suite 2000
1130 22nd Street, South
Birmingham, Alabama 35205
Telephone:     205-212-2045
Facsimile:     205-212-2041